```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICHARD JOHN HUDECEK,

                          Plaintiff,                    REPORT AND
                                                        RECOMMENDATION
              -against-                                 CV 17-7160 (JMA)(AYS)

TRAVELERS INSURANCE CO. and
CAMBRIDGE MUTUAL FIRE INSURANCE
CO.,

                          Defendants.
-----------------------------------------------------------------X
```

**ANNE Y. SHIELDS, United States Magistrate Judge:**

Before the Court, on referral from the Honorable Joan M. Azrack for Report and Recommendation, are Defendants' motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56. The pro se Plaintiff opposes the motions in its entirety. For the following reasons, this Court respectfully recommends that Defendants' motions be granted.

## BACKGROUND

The relevant facts, as set forth below, are taken from the Local Civil Rule 56.1 statements of undisputed material facts submitted by Defendants Standard Fire Insurance Company ("Standard Fire"), erroneously sued herein as Travelers Insurance Company, and Cambridge Mutual Fire Insurance Company ("Cambridge Mutual"), as well as the documents offered by both Defendants in support of their respective motions. The Court notes that, while advised pursuant to Local Civil Rule 56.1(b) of the consequences of not submitting a counter-statement of facts, Plaintiff has failed to submit any such statement. He has, however, filed an opposing Memorandum of Law, which the Court will consider. Additionally, given the Plaintiff's pro se status, this Court has carefully reviewed all of the documents submitted in this action and, based upon that review, summarizes the pertinent facts as set forth below.

1

Cambridge Mutual issued a homeowner's insurance policy for the period October 2, 2010 to October 2, 2011 to the pro se Plaintiff, Richard John Hudecek ("Hudecek" or "Plaintiff"), and his then wife, Patricia Connolly ("Connolly"), for property located at 319 Roosevelt Avenue in Freeport, New York (the "Property"). (Cambridge Mutual's Local Civ. R. 56.1 Statement ("Cambridge Mutual's 56.1") ¶ 2.) Similarly, Standard Fire issued a Standard Flood Insurance Policy ("SFIP") for the period December 8, 2010 to December 8, 2011 to Plaintiff and Connolly for the same Property. (Standard Fire's Local Civ. R. 56.1 Statement ("Standard Fire's 56.1") ¶ 1.) Plaintiff's homeowner's insurance policy was thereafter renewed by Cambridge Mutual with effective dates of October 2, 2011 through October 2, 2012. (Cambridge Mutual's 56.1 ¶ 8.)

On July 25, 2011, as part of the couple's divorce proceedings, Plaintiff executed a Bargain and Sale Deed (the "Deed"), which, in exchange for ten dollars, fully granted and released to Connolly his entire right, title, and interest in the Property. (Cambridge Mutual's 56.1 ¶ 3, 10; Standard Fire's 56.1 ¶ 2.) On August 28, 2011, Hurricane Irene made landfall on Long Island, causing damage to the Property. (Id. ¶ 3.)

In September 2011, Standard Fire received a copy of the Deed from Connolly's insurance agent, requesting that Standard Fire remove Plaintiff as an insured under the SFIP, effective July 25, 2011. (Id. ¶¶ 4-5.) On October 14, 2011, Cambridge Mutual received a copy of the Deed from Connolly's insurance agent, also requesting that Plaintiff be removed as an insured from the homeowner's insurance policy. (Cambridge Mutual's 56.1 ¶¶ 9, 11.) Plaintiff was removed as an insured from both insurance policies. On December 16, 2011, at the request of Connolly, the Cambridge Mutual homeowner's insurance policy was canceled prior to its expiration due to the sale of the Property. (Cambridge Mutual's 56.1 ¶ 12.)

On September 20, 2011, Plaintiff submitted a claim to Cambridge Mutual under the homeowner's insurance policy, with a reported date of loss of August 28, 2011 – the date of Hurricane Irene's landfall. (Cambridge Mutual's 56.1 ¶ 14.) Previously, by correspondence dated September 7, 2011, Connolly's insurance agent notified her that under the current homeowner's insurance policy, there was no coverage for damage incurred due to flooding. (Cambridge Mutual's 56.1 ¶ 15.) Cambridge Mutual ultimately closed the file on Plaintiff's homeowner's insurance claim due to Plaintiff's and Connolly's failure to respond to requests to investigate the alleged loss and the eventual sale of the Property. (Cambridge Mutual's 56.1 ¶ 16.) No proof of loss was ever submitted to Standard Fire under the SFIP. (Standard Fire's 56.1 ¶ 13.) Plaintiff's divorce from Connolly was finalized on February 28, 2012. (Cambridge Mutual's 56.1 ¶ 13.)

Plaintiff commenced the within action against Cambridge Mutual and Standard Fire on or about July 20, 2016 in the state courts of New Jersey, alleging that he was improperly removed from both insurance policies prior to the conclusion of his divorce proceedings. (Compl. ¶ 1.) Plaintiff alleges that his removal from the insurance policies was committed fraudulently to "prevent a pay-out on any repairs or replacements needed." (Id.) Plaintiff further alleges that, as a result of his inability to secure funds to repair the Property, he was unable to continue an HVAC business that he operated out of the home. (Id. ¶ 3.) Plaintiff does not seek damages for repairs or replacements made to the Property; rather, he solely seeks punitive damages against both Defendants in the amount of $40 million dollars each. (Cambridge Mutual's 56.1 ¶ 27.)

On April 20, 2017, Standard Fire removed this action to the federal court for the District of New Jersey. (Docket Entry ("DE") [1].) Thereafter, on May 11, 2017, Standard Fire moved to transfer venue to this Court, based on the fact that the Property is located within this District.

3

(DE [13].) That motion was granted on December 4, 2017, (DE [35]), and the within case was opened in this District on January 3, 2018. (DE [37]).

Defendants now move for summary judgment, pursuant to Federal Rule of Civil Procedure 56, on the following grounds: (1) Plaintiff lacks an insurable interest in the Property; (2) on behalf of Cambridge Mutual, Plaintiff's claims are time-barred; and, (3) on behalf of Standard Fire, Plaintiff never submitted a proof of loss, as required by law. Thus, both Defendants argue that they are entitled to judgment, as a matter of law, on any claim for coverage for any alleged loss suffered by Plaintiff. Plaintiff opposes both motions on the ground that his ex-wife's divorce attorney had an interest in the transaction that resulted in Plaintiff signing over his entire interest and title in the Property to Connolly, which, according to Plaintiff, renders the Deed invalid. (Pl. Response in Opp'n to Def. Mot. for Summ. J., DE [69], at 3). Plaintiff also requests that the Court grant summary judgment in his favor, despite his failure to make such a motion. (Id. at 4.)

## DISCUSSION

I.   Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to establish the lack of any factual issues. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The very language of this standard dictates that an otherwise properly supported motion for summary judgment will not be defeated because of the mere existence of some alleged factual dispute between the parties. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Rather, the requirement is that there be no "genuine issue of material fact." Id. at 248.

4

The inferences to be drawn from the underlying facts are to be viewed in the light most favorable to the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).  When the moving party has carried its burden, the party opposing summary judgment must do more than simply show that "there is some metaphysical doubt as to the material facts." Id. at 586.  In addition, the party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248.

When considering a motion for summary judgment, the district court "must also be 'mindful of the underlying standards and burdens of proof' . . . because the evidentiary burdens that the respective parties will bear at trial guide the district courts in their determination of summary judgment motions." SEC v. Meltzer, 440 F. Supp. 2d 179, 187 (E.D.N.Y. 2006) (quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988)) (internal citations omitted).  "Where the non-moving party would bear the ultimate burden of proof on an issue at trial, the burden on the moving party is satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim." Meltzer, 440 F. Supp. 2d at 187.

II.     Defendants are Entitled to Summary Judgment as to Any Coverage Claim

    A.     Plaintiff Lacks an Insurable Interest in the Property

Pursuant to New York Insurance Law, "[n]o contract or policy of insurance on property made or issued in this state, or made or issued upon any property in this state, shall be enforceable except for the benefit of some person having an insurable interest in the property insured." N.Y. Ins. Law § 3401.  The term "insurable interest" is defined to include "any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage." Id.  "[T]he insurable interest existing at the time of loss . . . determine[s]

5

the rights and liabilities as between insured and insurer." Welch v. Commercial Mut. Ins. Co., 463 N.Y.S.2d 1011, 1014 (N.Y. Sup. Ct. 1983) (citing cases).

Here, Plaintiff had no insurable interest in the Property at the time of the alleged loss – August 28, 2011 – having conveyed all right, title and interest in the Property to Connolly by the Deed dated July 25, 2011. At the time of the alleged loss, Connolly was the sole owner of record of the Property and, as such, held the sole insurable interest in the Property. See id. While Plaintiff was not formally removed from the respective insurance policies until a date following Hurricane Irene, such a fact is immaterial since his entitlement to the Property ceased as of July 25, 2011, when he executed the Deed. See, e.g., Abott v. City of New York, 616 N.Y.S.2d 853, 854 (2d Dep't 1994) (holding that when a party "transferred the property it relinquished all legal interest in the property"). Accordingly, Plaintiff's claims against Defendants fail as a matter of law because he lacked any interest in the Property at issue herein, let alone an insurable one.

The documents before the Court demonstrate clearly that Plaintiff signed over all legal interest in the Property to Connolly by the Deed dated July 25, 2011, in exchange for ten dollars. As of that date, Plaintiff was no longer entitled to recover under the respective insurance policies on the Property. This Court finds no error in Defendants' actions and respectfully recommends that Defendants be granted summary judgment on the ground that Plaintiff lacks an insurable interest in the Property insured by Defendants' policies.

    B.    <u>Plaintiff's Claims Fail Against Defendant Standard Fire Under the SFIP</u>

Even assuming Plaintiff had an insurable interest in the Property at the time of Hurricane Irene, his claims against Standard Fire would still fail, as set forth below.

Under the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. §§ 4001-4127, "the federal government provides flood insurance subsidies and local officials are required to adopt

and enforce various management measures." Palmieri v. Allstate Ins. Co., 445 F.3d 179, 186 (2d Cir. 2006). The NFIA provided for the creation of the National Flood Insurance Program ("NFIP"), which is administered by the Federal Emergency Management Agency ("FEMA") and supported by taxpayer funds, to "pay for claims that exceed the premiums collected from the insured parties." Jacobson v. Metropolitan Property & Cas. Ins. Co., 672 F.3d 171, 174 (2d Cir. 2012) (citation omitted). "Congress has authorized FEMA to 'prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid for any damage to or loss of property which is covered by flood insurance.'" Id. (quoting 42 U.S.C. § 4019). "This regulatory scheme, including the terms and exact language of the SFIP, is recorded in the Code of Federal Regulations." Jacobson, 672 F.3d at 174 (citing 44 C.F.R. §§ 61.1-78.14).

In 1983, FEMA created the Write Your Own ("WYO") program, which allows private insurance companies, like Standard Fire herein, to issues SFIPs in their own names as "fiscal agent[s] of the Federal Government." 44 C.F.R. § 62.23(a). "Thus, while the private insurance companies administer the federal program, '[i]t is the Government, not the companies, that pays the claims.'" Jacobson, 672 F.3d at 175 (quoting Palmieri, 445 F.3d at 184) (additional citation omitted). A WYO company issuing flood insurance coverage is responsible for arranging the "adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issue[s] under the [WYO] Program, based upon the terms and conditions of the [SFIP]." 44 C.F.R. § 62.23(d).

All SFIPs require an insured claiming a flood loss to submit a signed and sworn proof of loss within sixty days of the loss. See 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). The failure to do so "bars recovery under a Federal Flood Insurance Policy." Unger v. Liberty Mut. Ins. Co.,

7

849 F. Supp. 839, 846 (E.D.N.Y. 1994) (citing cases).  Prior to the decision in <u>Jacobson v. Metropolitan Property & Casualty Insurance Company</u>, 672 F.3d 171 (2d Cir. 2012), the Second Circuit had not specifically addressed the interpretation of SFIP proof of loss requirements.  <u>See id.</u> at 175.  In that decision, however, the Second Circuit noted that many of its sister circuits had done so and had "uniformly held that those requirements must be strictly construed and enforced."  <u>Id.</u> (collecting cases).  In <u>Jacobson</u>, the Second Circuit held that it was "adopt[ing] the same standard . . . in part because there is a compelling interest in assuring uniformity of decision in cases involving the NFIP."  <u>Id.</u> (citation and internal quotation marks omitted).

   Here, Standard Fire asserts – and Plaintiff does not refute – that Plaintiff never filed a proof of loss for the damage alleged to have been incurred as a result of Hurricane Irene. (Kappen Decl., Ex. C, E.; Pl. Mem. of Law in Opp'n at 2-3.)  The failure to file a proof of loss is a complete bar to recovery under the SFIP.  <u>See, e.g.</u>, <u>Jacobson</u>, 672 F.3d at 174 (affirming dismissal where Plaintiff failed to file proof of loss); <u>Ravasio v. Fidelity Nat. Property</u>, 81 F. Supp. 3d 274, 278 (E.D.N.Y. 2015) (granting summary judgment to Defendant where Plaintiff failed to comply with proof of loss requirement); <u>Destefanis v. Fugate</u>, No. CV 12-4730, 2013 WL 6796425, at *4 (E.D.N.Y. Dec. 19, 2013) (granting judgment on the pleadings to Defendant for Plaintiff's failure to file proof of loss).

   Moreover, Plaintiff does not even seek any covered damages under the SFIP but instead, seeks solely punitive damages for his alleged fraudulent removal from the SFIP.  (Kappen Decl., Ex. E.)  Such damages are not recoverable as a matter of law.  <u>See, e.g.</u>, <u>Melanson v. U.S. Forensic, LLC</u>, 183 F. Supp. 3d 376, 394 (E.D.N.Y. 2016) (finding that "claims by insureds, other than for breach of contract, which arise from conduct falling within the scope of the NFIP, are preempted"); <u>Ravasio</u>, 81 F. Supp. 3d at 280 ("The National Flood Insurance Act preempts

8

state law claims for penalties and attorneys' fees brought against WYO insurance carriers participating in FEMA's NFIP.").

Based on the foregoing, this Court respectfully recommends that Defendant Standard Fire's motion for summary judgment be granted.

C. <u>Plaintiff's Claims Also Fail Under the Cambridge Mutual Policy</u>

As with Plaintiff's claims against Standard Fire, even if the Court were to find that Plaintiff possessed an insurable interest in the Property at the time of Hurricane Irene, his claims would still fail because they are time-barred.

"The highest court of this state has held that an insured must comply with a property insurance policy's time to sue provisions if it wishes to litigate a denial of coverage." <u>Plon Realty Corp. v. Travelers Ins. Co.</u>, 533 F. Supp. 2d 391, 394 (S.D.N.Y. 2008) (citing cases). "New York intermediate appellate courts have consistently followed this rule." <u>Id.</u>

Here, Plaintiff's homeowner's insurance policy with Defendant Cambridge Mutual clearly states that "[n]o action can be brought unless the policy provisions have been complied with and the action is started within two years after the date of loss." (Keenan Aff., Ex. D.) Although Plaintiff initially reported the alleged loss due to Hurricane Irene to Cambridge Mutual on September 20, 2011, (Keenan Aff., Ex. I), the file was ultimately closed by Cambridge Mutual as a result of Plaintiff's and Connolly's failure to respond to requests by Defendant to investigate the alleged loss and the eventual sale of the Property. (Keenan Aff., Ex. C, I.) Pursuant to the insurance policy, Plaintiff had two years from the date of Hurricane Irene – August 28, 2011 – to commence any action pertaining to a denial of coverage stemming from that event. Plaintiff did not commence the within action until July 20, 2016, well more than two

9

years after Hurricane Irene and the alleged date of loss. Accordingly, any claim by Plaintiff against Cambridge Mutual is time-barred pursuant to the clear language of the insurance policy.

Based on the foregoing, this Court respectfully recommends that Defendant Cambridge Mutual's motion for summary judgment be granted.

II.     Defendants are Entitled to Judgment as to any Claim of Fraud

As discussed above, Defendants are entitled to judgment as a matter of law as to any claim under their policies of insurance. Plaintiff argues, however, that this action is not one for damages pursuant to insurance contracts, but rather, for fraud alleged to have been committed by Defendants when they removed Plaintiff from the respective insurance policies prior to the conclusion of his and Connolly's divorce proceedings. (Pl. Mem. of Law in Opp'n at 2-3.) Plaintiff appears to argue that Defendants, acting in concert with Connolly's divorce attorney, fraudulently removed Plaintiff from the insurance policies to prevent him from being able to recover under the policies for losses sustained during Hurricane Irene. (Id.) Defendants are entitled to summary judgment as to any such claim.

Importantly, Plaintiff has failed to offer one scintilla of evidence to support his claims of fraud. Nor can any inference of fraud even be gleaned from the evidence before the Court. Rather, the facts of this case are clear and simple. Plaintiff signed over all legal interest in the Property to Connolly by the Deed dated July 25, 2011, in exchange for ten dollars. As of that date, Plaintiff was no longer entitled to recover under the respective insurance policies on the Property. Defendants' removal of Plaintiff from the respective insurance policies was not fraudulent; Defendants were entitled to remove Plaintiff from the policies by virtue of the Deed.

To the extent that Plaintiff is somehow unhappy with the results of his divorce proceedings, and alleges any impropriety in connection therewith, he can seek relief in an

10

appropriate forum.  Here, there is no evidence to support any claim of fraud involving the named Defendant insurance companies.  Accordingly, in addition to being entitled to judgment as to any claim of coverage, this Court finds that Defendants are also entitled to summary judgment as to any claim sounding in fraud.

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Defendants' motions for summary judgment, appearing at Docket Entries 67 and 68, be granted and that judgment be entered in their favor.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to Defendants' counsel via ECF.  Defendants' counsel is directed to serve a copy of this Report and Recommendation on the Pro Se Plaintiff, and to file proof of service on the docket sheet, within three (3) days.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.  Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED.**

Dated: December 4, 2018
       Central Islip, New York

                                           /s/ Anne Y. Shields
                                           ANNE Y. SHIELDS
                                           United States Magistrate Judge